Sanders, J.
On January 7, 2005, this case came before the Court for approval of a settlement reached between the plaintiff class and the defendants. For the reasons stated in open court, I have no difficulty concluding that the settlement reached is a fair one, or that the form and manner of notice given to the class members about the proposed settlement (none of whom voiced any written objection to it) was in full compliance with Rule 23, Mass.RCiv.P., and the requirements of due process. The only issue requiring more thought was that raised by the plaintiffs motion that the two class representatives be compensated for the time they spent on this case by a special award, which plaintiffs’ counsel suggests to be in the amount of $30,000 each. For the following reasons, I conclude that some award is appropriate, although not in the amount that the plaintiffs request.
This Court is aware of no Massachusetts case law supporting such awards. However, because Federal Rule 23 is quite similar to the state rule, this Court looks to federal authority for guidance. Although it is undisputed that a court has discretion to make such awards, whether and how to exercise such discretion has been the subject of sharp disagreement among federal district and appellate judges. There are some courts who take the position that to award anything to class representatives which is over and above that which they would be entitled to receive as members of the class places those representatives in a position of conflict with other class members, whose interests they are required to protect. See Holmes v. Continental Can Co., 706 F.2d 1144, 1148 (11th Cir. 1983), quoting Plummet v. Chemical Bank, 91 F.R.D. 434, 441-42 (S.D.N.Y. 1981), aff'd, 668 F.2d 654 (2nd Cir. 1982); see also Weseley v. Spear Leeds & Kellogg, 711 F.Sup. 713, 720 (E.D.N.Y. 1989). Certainly, an award to a party for bringing a suit is not something that occurs outside the class action context. As Judge Posner noted in discussing this issue, plaintiffs are not like lawyers or doctors who are entitled to compensation for their services at an hourly rate; the named plaintiffs can choose to be the class representativesor not. In the Matter of Continental Illinois Securities Litigation, 962 F.2d 566, 571-72 (7th Cir. 1992) (where no award was allowed). Generally, there are others more than willing to take the named representative’s place, without any promise that they will be paid for their time.
Even among those courts that have determined that some award is appropriate, judges vary widely as to the amount. In the United States District Court of Pennsylvania alone, for example, the awards have ranged from $250 per named plaintiff (see e.g. In re U.S. Bioscience Securities Litigation, 155 F.R.D. 116 (E.D.Pa. 1994)), to $20,000 (see e.g. Godshall v. The Franklin Mint Co., 2004 WL 2745890 (E.D.Pa. Dec. 1, 2004)), even though the size of the recovery in each lawsuit and the duration of the litigation was not dissimilar. One court has suggested that named plaintiffs be compensated much like jurors, on a per diem rate for the days where they were deposed or otherwise required to participate in the litigation and thus were forced to miss work. In re U.S. Bioscience Securities Litigation, 155 F.R.D. at 122. Other judges have approached the task by mathematically calculating the number of hours that the named plaintiffs spent on the litigation by some hourly rate (like $100, as the plaintiffs here suggest). Yet another approach is to multiply some figure by the number of years that the litigation has been going on.
In determining the size of any award to be made, the federal courts have come up with a list of considerations. Those factors include: (a) the risk to the plaintiff in commencing suit, both financially and otherwise; (b) the notoriety and/or personal difficulties encountered by the representative plaintiff; (c) the extent of the plaintiffs personal involvement in the suit in terms of discovery responsibilities and/or testimony at depositions; (d) the duration of the litigation; and (e) the plaintiffs personal benefit (or lack thereof) purely in his capacity as a member of the class. See In re Smithkline Beckman Corp. Securities, 751 F.Sup. 525, 535 (E.D.Pa. 1990). Some judges have justified an award based simply on the fact that the named class representatives have had to bear considerably more of the litigation burden than other class members. See e.g. Huguley v. General Motors Corp. 128 F.R.D. 81, 85 (E.D.Mich. 1989), aff'd, 925 F.2d 1464 (6th Cir. 1990). Other judges see the award as compensation for a public service rendered by the enforcement of laws intended to protect the general population. Especially high awards may be warranted where a plaintiff subjects himself or his family to abuse at work or in his community for advocating an unpopular cause. See e.g. Jackson Lockdown/MCO Cases, 107 F.R.D. 703 (E.D.Mich. 1985) (prison inmate plaintiffs faced risk of retaliation); Women’s Committee for Equal Employment Opportunity v. National Broadcasting Co., 76 F.R.D. 173 (S.D.N.Y. 1977) (plaintiffs risked losing their jobs). More generally, cases approving such incentive awards do so based on an overall finding of fairness. See generally, “Scrutiny of the Bounty: Incentive Awards for Plaintiffs in Class Litigation,” 78 Ill.B.J. 286 (1990).
The above principles, although helpful, do not yield any clear answer as to the award which is appropriate in this case. The instant case is not one which necessarily implicates the public interest; as this Court has noted in its previous rulings, it is at heart a breach of contract case brought by a group of insurance brokers against the companies who pay them commissions. Nor have the plaintiffs’ representatives exposed themselves to any demonstrable risks, financial or personal: with the 93A claim in the case, any liability for costs of the suit evaporated when plaintiffs prevailed on that claim, and the subject of the lawsuit was not such as to generate any public controversy. If this *680 Court were to calculate an award based on the number of hours that the representatives have spent on the case, I have little on which to base such a decision. Both representatives submitted identical affidavits alluding generally to the fact that they have spent “a minimum of300 hours” on the litigation. Hours spent in attending depositions and in testifying at trial arguably should be compensable, but the time spent in attending hearings simply because the representative chose to be there should not necessarily be counted (particularly in a case as well-staffed as this one).
On the other hand, this Court does not doubt that these two plaintiffs have borne more than their fair share of the litigation burden: unlike other class members, they have been deposed over several days, testified at length at trial and, in order to fulfill their fiduciary role to the class members, have had to review and approve countless pleadings. Moreover, the instant case has lasted longer than most, with many twists and turns along the way: this settlement is reached after seven years of litigation, two trials, dozens of court hearings and scores of depositions and discovery requests. Each of the named plaintiffs stands to profit from this settlement in a small way, relatively speaking: neither will be entitled to any actual damages, sharing only in the interest on the overall damages in an amount of $774 (for Eldridge) and $5,884 (for Eberting). Finally, a modest award to the named plaintiffs does not call into question whether they have fulfilled their obligations to the class in approving this settlement. The notice to class members stated that an award would be requested (although it did not state the amount which was to be sought), and it will not significantly reduce the amount recovered by any single plaintiff in this case.
Taking all of the above into consideration, this Court concludes that an award of $12,500 per plaintiff is appropriate. Although this does not compensate them for all the time they spent on this case, compensation at an hourly rate is not the measure that this Court chooses to use. Rather, it is an award which is more symbolic than compensatory of the efforts that these two plaintiffs have put into this casean amount which is not enough to raise any serious conflict between class representatives and the unnamed class members but is nevertheless ah acknowledgment that they have done far more than any other plaintiff to advance this litigation and to assist in obtaining the outcome that now brings this lawsuit to an end.
Accordingly, the Plaintiffs’ Motion for a Special Award to the Named Plaintiffs’ Representatives is ALLOWED and it is hereby ORDERED that a total of $25,000 ($12,500 per plaintiff) be allotted from the settlement fund and be made payable to Stephen Eldridge and Cheryl Eberting over and above that amount that each is entitled to receive as a member of the plaintiff class.